Kai v. Garland

BIA
Navarro, IJ
A206 636 123

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand twenty-three.

PRESENT:
DEBRA ANN LIVINGSTON,
*Chief Judge,*
STEVEN J. MENASHI,
EUNICE C. LEE,
*Circuit Judges.*

_____

CHEN KAI,
*Petitioner,*

v.                                                          20-3088
                                                            NAC
MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:              Troy Nader Moslemi, Esq.,
                             Flushing, NY.

**FOR RESPONDENT:**          Brian M. Boynton, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Marie V. Robinson, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chen Kai, a native and citizen of the People's Republic of China, seeks review of an August 14, 2020, decision of the BIA affirming a July 12, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chen Kai,* No. A 206 636 123 (B.I.A. Aug. 14, 2020, *aff'g* No. A 206 636 123 (Immigr. Ct. N.Y. City July 12, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered the decisions of both the IJ and the BIA. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262 (2d Cir. 2007). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any

2

reasonable adjudicator would be compelled to conclude to the contrary."); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law, including application of law to fact, de novo).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the

3

totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. The agency reasonably concluded that Kai failed to meet his burden given inconsistencies in his statements and evidence, his demeanor when questioned about those inconsistencies, and his failure to rehabilitate his claim with reliable documentary evidence.

Kai alleged that he was arrested and detained for attending an underground Christian church. The agency reasonably relied on Kai's inconsistency about why and when he was fired from his job, including the job's relationship to his church attendance. Throughout his testimony, Kai averred that he only had one job in China, a job at a restaurant, and that being fired from that job is what caused him to become interested in Christianity. However, he offered multiple inconsistent dates as to when he was fired from that job. In his application, he stated that he was fired from the restaurant in January 2013 because he worked too slowly, but elsewhere in the application he stated he was fired after his month-long detention by police following a

4

raid of a church meeting — that is, in November 2013. At his hearing, Kai initially testified that he lost his job in January 2010, but then said he was fired in October 2013. As the BIA noted in its decision, these inconsistencies were significant given Kai's statements that the event of his firing led him to attend his first church meeting. Kai was not able to make sense of these discrepancies, only explaining that his "memories were not that sharp." Certified Administrative Record 93. The agency was not required to credit this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted; emphasis in original)).

Moreover, Kai was also inconsistent about whether he spoke to the individual who introduced him to the church after his release from detention. While this inconsistency may have been minor, when taken in aggregate with the other considerations relied upon by the agency, it supports an adverse credibility finding. *See Xiu Xia Lin*, 534 F.3d at

5

167 ("[A]n IJ may rely on *any* inconsistency . . . in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." (quoting 8 U.S.C. § 1158(b)(1)(B)(iii); emphasis in original)).

The adverse credibility determination is bolstered by the IJ's demeanor finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ noted long pauses when Kai was asked why Chinese authorities would still pursue him and why his firing dates were inconsistent. We defer to this demeanor finding because the IJ "is in the best position to discern, often at a glance, whether . . . a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script'; and whether inconsistent responses are the product of innocent error or intentional falsehood." *Majidi,* 430 F.3d at 81 n.1 (quotation marks omitted).

Finally, Kai's lack of reliable corroboration further undermined his claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to

6

corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Kai produced inconsistent evidence of whether he had been baptized in the United States, he testified to minimal church attendance in the United States, and the letter from his church in China confirmed his membership on the date of the alleged raid, but did not mention the raid or any arrests.

Given the inconsistencies, the demeanor finding, and the lack of corroboration, substantial evidence supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<pre>
                                  FOR THE COURT:
                                  Catherine O'Hagan Wolfe,
                                  Clerk of Court
</pre>